UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:15-CR-49-TAV-DCP-1 ) |
| TIMOTHY WOODS, | ) ) ) |
| Defendant. | ) |

## **ORDER**

Before the Court is defendant's pro se motion for early termination of supervised release [Doc. 65]. On October 1, 2015, defendant pleaded guilty to Count One of the indictment charging conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and Count Two of the indictment charging conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) [Docs. 25, 28]. The Court sentenced defendant to 63 months' imprisonment to be followed by 3 years of supervised release [Doc. 57]. Defendant has completed approximately two (2) years of his term of supervised release, which is set to expire on August 30, 2022. On June 23, 2021, the Court received a letter from defendant asking the Court to prematurely terminate his supervised release [Doc. 65]. In support of his request, defendant states, since his release from prison, he has maintained full-time employment and opened his own trucking company [Doc. 65]. He states that he has submitted to numerous drug tests without any problems, has moved back into his home, and has learned to set obtainable goals for himself. Defendant states that his time in

prison led him to reevaluate his life, taught him life lessons, and allowed him to gain a clearer perspective on what is truly important to him. Defendant states that, as part of his trucking company, he took on debt to purchase a truck and trailer, but, due to his supervised release, is only allowed to drive in limited areas, and the early termination of his supervised release would allow him to drive without restriction and find more opportunities to work.

The United States Probation Office has confirmed that defendant has maintained a stable residence and stable employment and has not had any issues with noncompliance. Defendant's probation officer also states that defendant is not a career criminal, is not a sex offender, and, to the knowledge of this probation officer, has not engaged in terrorist activities. The probation officer does note that, in November 30, 2020, a modification of defendant's conditions of supervised release was completed to have defendant complete an anger management program due to a physical altercation that he was involved in with another male. However, the probation officer notes that defendant self-reported the incident and an investigation indicates that law enforcement was not involved. Defendant completed the anger management program on January 27, 2021. The officer attests that defendant has demonstrated an ability to maintain compliance with the law and does not appear to present an identifiable risk to the community. Furthermore, he states, the offender has maintained a respectful attitude toward the officer and has complied with her instructions. Finally, the officer notes that defendant has completed eighteen (18) months of his thirty-six (36) month term of supervised release and that at

2

Case 3:15-cr-00049-TAV-DCP    Document 66    Filed 08/20/21    Page 2 of 4    PageID #: 791

eighteen (18) months, there is a presumption under the Guide to Judiciary Policy in favor of recommending early termination for persons who meet certain qualifications, which he believes defendant has satisfied.  Thus, the officer has no objection to defendant's motion for early termination of supervised release.  The government likewise does not oppose defendant's request for early termination.

> Title 18, § 3583(e)(1) of the United States Code provides as follows:
>
>> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)–
>> (1)    terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

18 U.S.C. § 3583(e).  After carefully considering the requirements of the statute, the Court finds that the relevant provisions of 18 U.S.C. § 3553(a) support early termination of defendant's supervised release at this time.  In support of this conclusion, the Court notes that defendant has served approximately two years of his three-year supervised release term, has complied with all conditions of his supervised release, and demonstrates an ability to comply with the law and maintain stable employment and a stable residence. The Court does not that defendant's conditions of supervised release were modified in November 2020 to require defendant to complete an anger management course after an altercation with another individual, but, in light of the fact that defendant self-reported

3

this incident and has now completed the anger management course, the Court nonetheless finds that early termination of supervised release is appropriate at this juncture.

Accordingly, the Court "is satisfied that [early termination] is warranted by the conduct of defendant released and the interest of justice," 18 U.S.C. § 3583(e)(1), and hereby **GRANTS** defendant's motion [Doc. 65]. Defendant's term of supervised release is **TERMINATED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>UNITED STATES DISTRICT JUDGE

4